**New York Regional Office**
**SECURITIES AND EXCHANGE COMMISSION**
**Brookfield Place, 200 Vesey Street**
**New York, New York 10281**
**(212) 336-0123 (Brown)**
**Attorney for Plaintiff**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------x

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, : | |
| : | |
| Plaintiff, : | 15 Civ. 4751 (WHP) |
| v. : | |
| : | ECF |
| NORSTRA ENERGY INC., GLEN LANDRY, : | |
| and ERIC DANY : | |
| : | |
| Defendants. : | |

------------------------------------------------------------------------x

## DECLARATION OF YITZCHOK KLUG IN SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANT NORSTRA ENERGY INC.

I, YITZCHOK KLUG, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge:

1. I am a member of the bar of this Court and an attorney for Plaintiff Securities and Exchange Commission (the "Commission").

2. I make this Declaration in support of the Commission's Motion for Default Judgment Against Defendant Norstra Energy Inc. ("Norstra") and am fully familiar with the facts and circumstances herein.

A. <u>Representations Required by Section VII of the Court's Individual Practices</u>

   (1)   The Nature of the Claim Against Norstra

3.        The Commission's Complaint alleges that Norstra made numerous materially false and misleading statements with scienter in its press releases, on its website, and in Commission filings. By making these statements, Norstra violated Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)], and Rule 10b-5(b) [17 C.F.R. 240.10b-5] thereunder.  A true and correct copy of the Commission's Complaint in this action is appended hereto as Exhibit 1.

**(2)       The Court Has Subject Matter Jurisdiction over the Action**

4.        The Court has subject matter jurisdiction over this action pursuant to Sections 21(d) and 27 of the Exchange Act, 15 U.S.C. §§ 78(d) and 78aa.

**(3)       The Court Has Personal Jurisdiction over Norstra**

5.        The Court has personal jurisdiction over Norstra pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, which authorizes nationwide service of process.  The Second Circuit has held that Section 27 confers personal jurisdiction over a defendant who is served anywhere within the United States, Kidder, Peabody & Co., Inc. v. Maxus Energy Corp., 925 F.2d 556, 562 (2d Cir. 1991), and that the Commission satisfies due process under the Exchange Act if it shows that defendant has "minimum contacts" with the United States.  SEC v. Montle, 65 F. App'x 749, 751-52 (2d Cir. 2003).  Norstra is incorporated in Nevada and its stock was quoted on the OTC Link in the United States. (Ex. 1 ¶ 8.)  Norstra's oil leases were located in Montana.  (Id.)

**(4)       The Defendant Is Not an Infant or Incompetent**

6.        As a corporation, Norstra is neither an infant nor incompetent.

**(5)       Certificate of Default**

7. On November 4, 2015, pursuant to Rule 55(a) and Rule 55.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, the Clerk of the Court entered a Certificate of Default noting Norstra's default for failing to appear or defend this action after being served with process. (See Docket Entry ("DE") 29.)

### (6) Attorneys' Fees Sought

8. No attorneys' fees are sought in the Commission's Complaint or its instant motion.

### (7) All Appropriate Substantiating Documentation

9. All appropriate substantiating documents are attached as Exhibits to this Declaration.

### (8) Damages

10. The Complaint does not seek damages. Against Norstra, the Commission does not seek disgorgement or prejudgment interest either. However, the Commission seeks an award of third-tier civil penalties, which is a matter for the Court's discretion. Accordingly, the Commission's proposed default judgment leaves the precise amount of civil penalties blank. In its Memorandum of Law in Support, submitted herewith, the Commission sets forth the analysis that courts in this District use in exercising their discretion to award civil penalties pursuant to Exchange Act Section 21(d)(3). Norstra has not paid any penalties to the Commission.

## B. Substantiating Documentation

11. Attached hereto as Exhibit 2 is a true and correct copy of relevant excerpts from the Transcript of the Investigative Testimony of Glen Landry, August 22, 2013.

3

14. Attached hereto as Exhibit 3 is a true and correct copy of Norstra's Form 8-K filed with the Commission on March 18, 2013. The Form 8-K is dated March 12, 2013 on page 1, and is dated March 15, 2013 on page 2.

15. Attached hereto as Exhibit 4 is a true and correct copy of relevant excerpts from Norstra's website posting, titled, "The Bakken Oil Revolution."

16. Attached hereto as Exhibit 5 is a true and correct copy of Norstra's Form 8-K filed with the Commission on June 3, 2013. The Form 8-K is dated May 31, 2013 on page 1, and is dated June 3, 2013 on page 2.

17. Attached hereto as Exhibit 6 is a true and correct copy of Norstra's May 20, 2013 press release.

18. Attached hereto as Exhibit 7 is a true and correct copy of relevant excerpts from Norstra's Form 10-K filed with the Commission on June 7, 2013.

19. Attached hereto as Exhibit 8 is a true and correct copy of Norstra's April 1, 2013 press release.

20. Attached hereto as Exhibit 9 is a true and correct copy of Norstra's May 13, 2013 press release.

21. Attached hereto as Exhibit 10 is a true and correct copy of pages TOLLAW-000055-56 from Landry's Initial Disclosures as produced to the Commission.

22. Attached hereto as Exhibit 11, and downloaded from Yahoofinance.com, is a true and correct copy of Norstra's historical stock prices for the period of March 5, 2013 through July 31, 2013.

Executed on November 30, 2015
New York, New York

_Yitzchok Klug_