UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x
SECURITIES AND EXCHANGE COMMISSION,    :
                                        :
                      Plaintiff,   :     15 Civ. 4751 (WHP)
      v.                                :
                                        :     ECF
NORSTRA ENERGY INC., GLEN LANDRY,       :
and ERIC DANY,                          :
                                        :
                      Defendants.  :
------------------------------------------------------------------------x

**DECLARATION OF NANCY A. BROWN IN SUPPORT OF
PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
OPPOSITION TO DEFENDANT LANDRY'S MOTION TO JOIN
DALLAS MURRAY CALLEN KERKENEZOV OR DISMISS FOR
FAILURE TO JOIN AN INDISPENSABLE PARTY**

I, Nancy A. Brown, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a member of the bar of the State of New York and a member of the bar of this Court. I am employed as Senior Trial Counsel in the New York Regional Office of the Plaintiff, Securities and Exchange Commission (the "Commission"). I submit this Declaration in support of the Commission's Opposition to Defendant Glen Landry's Motion to Join Dallas Murray Callen Kerkenezov or Dismiss for Failure to Join an Indispensable Party. I am fully familiar with the facts and circumstances herein.

2. Appended hereto as <u>Exhibit 1</u> is a true and correct copy of the March 5, 2013 Form 8-K filed by Defendant Norstra Energy Inc. ("Norstra") and signed by Landry on March 4, 2013, announcing the resignation of Kerkenezov from his positions as Norstra's president, chief executive officer, secretary, treasurer and director on March 1, 2013, but also announcing that Kerkenezov would continue as Norstra's Chief Financial Officer.

3. I have reviewed each of Norstra's subsequent filings with the Commission on its EDGAR system and find no filing that clarifies or corrects Norstra's March 5, 2013 Form 8-K in any respect as to Kerkenezov's role.

4. Appended hereto as <u>Exhibit 2</u> is a true and correct copy of the March 18, 2013 Form 8-K, filed by Norstra and signed by Landry as "CEO and Director" on March 15, 2013. Norstra announced in this filing that, on March 12, 2013, it had entered into a consulting agreement with Landry as CEO, and appended that agreement as Exhibit 10.2 (also appended hereto as part of <u>Exhibit 2</u>). The Landry consulting agreement is signed by Kerkenezov as "CFO."

5. Appended hereto as <u>Exhibit 3</u> is a true and correct copy of relevant excerpts from the June 7, 2013 Form 10-K, filed by Norstra, and signed by Landry as President, Chief Executive Officer, Secretary, Treasurer, and Director, and Kerkenezov as Chief Financial Officer, on June 7, 2013.

6. In my review of Norstra's subsequent Form 10-Q filings, I noted that each was signed by Landry as "President, Chief Executive Officer, Secretary, Treasurer, and Director" and by Kerkenezov as "Chief Financial Officer."

7. Appended hereto as <u>Exhibit 4</u> is a true and correct copy of Norstra's June 23, 2014 Form 8-K, signed by Landry on June 21, 2014. This was Norstra's last Form 8-K filing, in which it announced Kerkenezov's resignation from the CFO position, and made no mention of Kerkenezov continuing as a Director.

8. Throughout this period, Landry signed several Board of Directors' Consents to various corporate actions as "the sole director of the Company." Appended as <u>Exhibit 5</u> are true

and correct copies of examples of such consents, each as produced to the Commission by Norstra and other parties.

9. Appended hereto as <u>Exhibit 6</u> is a true and correct copy of a letter to the Staff from Edward Pacer, Landry's then-counsel.

10. Appended hereto as <u>Exhibit 7</u> are relevant pages from a Plan of Distribution proposed by the Commission, and approved by the Court on August 9, 2012 (DE 158), in <u>SEC v. Tecumseh Holdings Corporation, et al.</u>, No. 03 Civ. 5490 (SAS), disqualifying associates of defendants in that case from participation in the distribution of disgorged amounts.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 18, 2015
New York, New York

_____
Nancy A. Brown