TOLLEFSEN LAW PLLC
John J. Tollefsen, NYSB# 4867867
Attorney for Defendant Glen Landry
2122 164th St. SW, Ste. 300
Lynnwood WA 98087-7812
Telephone: 212-964-1960
Email: john@tollefsenlaw.com

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>  Plaintiff,<br><br>  v.<br><br>NORSTRA ENERGY, INC., GLEN LANDRY, and ERIC DANY,<br><br>  Defendants. | Case No.: 1:15-cv-04751 (WHP)<br><br>**DEFENDANT LANDRY'S REPLY TO COMMISSION'S OPPOSITION TO DEFENDANT LANDRY'S MOTION TO JOIN DALLAS MURRAY CALLEN KERKENEZOV OR DISMISS FOR FAILURE TO JOIN AN INDISPENSABLE PARTY** |

## TABLE OF CONTENTS                                    Page

TABLE OF AUTHORITIES .........................................................................ii

I.   PRELIMINARY STATEMENT ................................................1

II.  MEMORANDUM OF POINTS AND AUTHORITIES..............................2

   A. BECKER APPLIES TO THIS MOTION          ..................................2

   B. LANDRY'S MOTION IS NOT BARRED BY 15. U.S.C §78U(I) ..............3

      1. Landry's motion to join Kerkenezov is not a motion to consolidate or coordinate actions..............................................................3

      2. Landry's motion to join Kerkenezov is not a motion to assert a third-party claim .........................................................................4

      3. This Court has authority to join Kerkenezov under Rule 19 ..............4

Page

C. IF KERKENEZOV CANNOT BE JOINED, THE COURT SHOULD DISMISS THE ACTION. ...........................................................................6

D. CONCLUSION ..................................................................................2

## TABLE OF AUTHORITIES

### Cases

Heckler v. Chaney, 470 U.S. 821, 833 (1985) .......................................................5

Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979)....................................4

SEC v. Caledonian Bank, Ltd., No 1:15-cv-00894-WHP- JLC.........................2, 3

SEC v. Flight Transp. Corp., 699 F.2d 943, 950 (8th Cir. 1983 ............................4

SEC v. Spenser Pharm., Inc., No. 12-cv-12334 (IT) 2014 U.S. Dist. LEXIS 144364, 2014 WL 5112078 (D. Mass. Oct. 10, 2014) ...........................................5

SEC v. Thrasher, NO. 92 Civ. 6987 (JFK), 1995 U.S. Dist. LEXIS 10775, at 8-9, 1995 WL 456402 (S.D.N.Y. AUG 2, 1995 ...........................................................4

United Shoe Machinery Corp. v Becker, 51 F Supp 802 (E. Dist. NY1943).......2, 3

### Statutes and Rules

Fed. R. Civ. P. Rule 12(b)(7) .................................................................................1

Fed. R. Civ. P. Rule 19 ...............................................................................passim

15 U.S.C. § 78a(j)...................................................................................................6

15 U.S.C. § 78u(i).............................................................................................3, 4, 5

Defendant GLEN LANDRY ("Landry"), by and through his counsel, TOLLEFSEN LAW PLLC, respectfully submits this REPLY to the Securities and Exchange Commission's ("Commission") Memorandum in Oppositions to Landry's Motion to either join Dallas Murray Callan Kerkenezov ("Kerkenezov") or dismiss the Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join an indispensable party under Fed. R. Civ. P. Rule 19.

## I.    PRELIMINARY STATEMENT

In its Opposition to Landry's Motion to either join Dallas Murray Callan Kerkenezov ("Kerkenezov") or dismiss the Plaintiff's Complaint, the Commission makes much of the fact that Kerkenezov never effectively resigned as director and implies that this reflects negatively on Landry's approach to his duties as an officer and director of a public company. As described more fully in Landry's motion, when Landry was installed as an officer and director, Landry was told Kerkenezov had resigned and, like the Commission he believed that Kerkenezov had resigned as director as well as resigning from the offices he held until March of 2013. Landry does not claim that he, Kerkenezov, counsel, or anyone else realized that the resignation was ineffective. He had no reason to question the representation. It was not until after the Commission filed the instant action and Landry began his preparations that he discovered that there was no document in which Kerkenezov repaired his faulty resignation as director. At the point which Landry discovered the faulty resignation, Norstra was already a defunct corporation and the Commission had already filed the instant action. Consequently, Landry had no opportunity to disclose it prior to this action. If the failure reflects on anyone, it reflects on Kerkenezov.

1

## II.  MEMORANDUM OF POINTS AND AUTHORITIES

A.    <u>BECKER</u> APPLIES TO THIS MOTION.

The Commission states as blackletter law that "corporate officers, directors, or shareholders not accused of wrongdoing are not necessary parties in suits against the corporation itself." (Commission's Opposition Brief at 7 [hereafter Comm'n Br.].) It then dismisses out of hand Landry's contention that under <u>United Shoe Machinery Corp v. Becker</u>, 51 F. Sup 802 (E.D.N.Y. 1943) all the officers of Norstra must be joined in the action. The Commission is wrong for two reasons.

First, the Commission simply ignores the fact that Norstra is a defunct company. Following the Commission's suspension of its stock trading in June 2013 and the Commission's failure or refusal to respond to Norstra's repeated inquiries about proposed actions in light of that suspension, Norstra was unable to close pending funding and drilling arrangements and, in 2014, its corporate charter was revoked by the state of Nevada. Norstra has been named, but has not appeared in this action.

Second, the Commission also ignores the fact that it has accused Kerkenezov of wrongdoing. Here, the allegations against Landry and Norstra stem from the Commission's investigation into Caledonian Bank and the pump and dump schemes that allegedly occurred with that bank and the stock of four public companies. It is a matter of public record in <u>Securities and Exchange Comm'n v. Caledonian Bank, Ltd.</u>, No 1:15-cv-00894-WHP-JLC, (hereafter, "<u>Caledonian Bank</u>"), that the Commission used its discretion not to charge Norstra or any of its officers and directors in <u>Caledonian Bank</u> but nevertheless accused Norstra Energy Inc., and its then CEO, Kerkenezov, of filing a sham Form S-1 registration statement and alleged that Norstra's stock was sold in sham offerings by the Caledonian Bank defendants. (<u>Caledonian Bank</u>, Complaint,

Doc. 1, at 22). It is also a matter of public record that the accusation of wrongdoing related to the allegedly sham S-1 filing by Kerkenezov claimed by the Commission in Caledonian Bank occurred before Landry was associated with the company and the Commission does not accuse Landry of involvement with the S-1 filing. Whether or not Kerkenezov's resignation as a director was effective, there is no question that he was an officer and director at the time the S-1 was filed and remained an officer throughout the time-frame of the allegations in this matter.

The fact that the Commission has used its discretion to parse its complaints into multiple lawsuits and thereby evades both naming Kerkenezov and having to prove the allegation upon which both this case and the Caledonian Bank case are built does not change the fact that the Commission has accused Kerkenezov of wrongdoing.

Further, although Kerkenezov has not been made a defendant in this matter, the same accusations of wrongdoing have already been referred to on the record in here by this Court and the Commission. (Transcript of Pretrial Conference at 3:20 - 4:10.) [hereafter Transcript].

Therefore, Kerkenezov is a necessary party under Becker and this Court should order his joinder.

## B.    LANDRY'S MOTION IS NOT BARRED BY 15 U.S.C. § 78U(I).

### 1.    Landry's motion to join Kerkenezov is not a motion to consolidate or coordinate actions.

Quoting the former 15 U.S.C. §78u(g),[1] the Commission attempts to characterize Landry's motion to join Kerkenezov as a motion to consolidate or coordinate actions. This is not the case, Landry simply requests that Kerkenezov be brought as another

---

[1] The quoted language is now in 15 U.S.C. § 78u(i).

defendant in the matter.

The Commission correctly states that Landry cannot force the Commission to consolidate or coordinate its action with another action not brought by the Commission. In support of this position the Commission also cites SEC v. Thrasher, NO. 92 Civ. 6987 (JFK), 1995 U.S. Dist. LEXIS 10775, at 8-9, 1995 WL 456402 (S.D.N.Y. AUG 2, 1995). The Commission's reliance on 15 U.S.C. §78u(i) and Thrasher is misplaced. The plain language of the statute limits its applicability to consolidated or coordinated claims and in Thrasher, the defendants sought to bring third-party claims and cross-claims against other defendants who were already parties to the action and the Court denied that motion. (Thrasher, 1995 U.S. Dist. LEXIS 10775 at 8-9.) Thrasher does not address joiner of parties and Landry does not seek to consolidate or coordinate any other claims.

2.    Landry's motion to join Kerkenezov is not a motion to assert a third-party claim.

The Commission goes on to speculate that the motion might be construed as a request to assert a third-party claim, then dismisses that option, citing Parklane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979). Again, Landry does not assert a third-party claim and Parklane Hosiery was a private action, not a case brought by the Commission. (439 U.S. at 332.)

3.    This Court has authority to join Kerkenezov under Rule 19.

The purpose of 15 U.S.C. § 78u(i) is to exempt the Commission from the "compulsory consolidation and coordination provisions applicable to multidistrict litigation." (SEC v. Flight Transp. Corp., 699 F.2d 943, 950 (8th Cir. 1983)). It does not provide the Commission with unreviewable and absolute discretion as to parties. (Id. at 950-51.) Nevertheless, the Commission asserts that Rule 19 has "no application against

4

the Commission in [an] enforcement case." (Comm'n Br.].) at 5. Stating that it is a "cardinal principle" that the Commission is presumed immune from judicial review in its selection of which parties to name, (Comm'n Brief at 1, 5) the Commission glosses over the fact that that this is a presumption, not an immutable fact and that, while the bar may be high, the Court does have authority to review its selection of defendants. (Heckler v. Chaney, 470 U.S. 821, 833 (1985) ("the decision is only presumptively unreviewable"). See also, SEC v. Spenser Pharm., Inc., No. 12-cv-12334 (IT) 2014 U.S.   Dist.   LEXIS 144364, 2014 WL 5112078 (D. Mass. Oct. 10, 2014).)

The Court in Heckler summarizes the circumstances under which the presumption may be rebutted as (1) "the substantive statute has provided guidelines for the agency to follow in exercising its enforcement powers," (470 U.S. at 833) or (2) "the agency decision "is so extreme as to amount to an abdication of its statutory responsibilities." (470 U.S. at 833, n.4.)

Landry does not dispute that the Commission has broad discretion under 15 U.S.C. § 78u(d). The statute clearly states that the Commission "may" bring an action to enforce compliance with securities laws and rules. However, once the Commission determines, in its discretion, that it will bring an action it may not be arbitrary and capricious in how it brings its action.

Here, the Commission has used its discretion to accuse Kerkenezov of filing a sham S-1 registration and has brought this case in fraud stemming from its investigation of the Caledonian Bank matter. Nevertheless, though the allegations hang over the whole proceeding, the Commission has capriciously decided not to name Kerkenezov in this matter.

In this matter, the allegations relate to statements that, in a context separate from the alleged pump and dump scheme, would be unlikely to have been raised to the level of an enforcement action. These alleged statements include a date error in SEC filings, which had already been correctly disclosed multiple times, and quotations of estimates of original oil in place which have been cited and quoted by federal agencies and by other public companies. Certainly, in the absence of the Caledonian Bank investigation, the Commission might have been less hasty to assume fraud.

## C.   IF KERKENEZOV CANNOT BE JOINED, THE COURT SHOULD DISMISS THE ACTION.

The Commission's argument related to Rule 19(b) boils down essentially to two points: that this Court should not worry about whether any judgment it awards will be collectable and that a lifetime bar against Landry is "of immeasurable importance" to the Commission.

The Commission's argument is unavailing. Landry is accused of aiding and abetting Norstra in violation of section 10(b) of the Securities Exchange Act of 1934[2], a claim that subjects him to joint and several liability with Norstra should the Commission prove its claims. Norstra is in default. Consequently, the Commission's statement that "the judgment against Norstra will be a judgment against Norstra, not against Landry" is a distinction without a difference. As a consequence, Landry's ability or inability to liquidate any remaining Norstra assets in Kerkenezov's absence should concern the Court. With Norstra in default, if Landry is unable to liquidate any remaining assets, any judgment against Norstra is of little value to the Commission or the remaining stockholders. Further, apart from the context of a pump and dump scheme, the

---

[2] 15 U.S.C. § 78a(j).

Commission has not alleged any pattern or practice that would justify a lifetime bar against Landry.

## D.      CONCLUSION

Because Norstra is a defunct company and Kerkenezov has been accused of wrongdoing, Kerkenezov is a necessary party under Rule 19 of the Federal Rules of Civil Procedure. Further, despite the broad discretion afforded the Commission, its actions in dividing these cases and selecting defendants in a manner that permits it to accuse persons of wrongdoing but evade having to prove its allegations reflect precisely the kind of abuse of discretion that cries out for judicial review.

Consequently, Landry respectfully requests this Court to either join Kerkenezov or dismiss the action.

DATED this 11th day of January 2016.

TOLLEFSEN LAW PLLC

_John Tollefsen_

_____

John J. Tollefsen, J.D., LL.M.
Attorney for Defendant Glen Landry
NYSB #4867867
*Certified Fraud Examiner*
*Certified Control Specialist*
2122 164th Street SW, Suite 300
Lynnwood, WA 98087-7812
Phone: (212) 964-1960
Email: John@TollefsenLaw.com