**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x

**SECURITIES AND EXCHANGE COMMISSION,**          :
                                                 :
                                      **Plaintiff,**   :          **15 Civ. 4751 (WHP)**
            **v.**                               :
                                                 :          **ECF Case**
**NORSTRA ENERGY INC., GLEN LANDRY,**            :
**and ERIC DANY,**                               :
                                                 :
                                   **Defendants.**    :
------------------------------------------------------------------------x

### REPLY DECLARATION OF JORGE G. TENREIRO IN FURTHER
### SUPPORT OF PLAINTIFF SECURITIES AND EXCHANGE COMMISSION'S
### MOTION FOR PARTIAL SUMMARY JUDGMENT

I, Jorge G. Tenreiro, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1.      I am a member of the bar of the State of New York and a member of the bar of

this Court.  I am employed as Senior Counsel in the New York Regional Office of the Plaintiff,

Securities and Exchange Commission (the "Commission").  I submit this Declaration in support

of the Commission's Motion for Partial Summary Judgment as to Defendant Eric Dany.  I am

fully familiar with the facts and circumstances herein.  For the Court's convenience, this

declaration includes as Exhibits certain materials that have been previously submitted in

connection with the parties' cross-motions and indicates their earlier submission by Docket Entry

("D.E.") reference.

2.      Appended hereto as Exhibit 1 is a true and correct copy of relevant excerpts from

the investigative testimony of Defendant Dany, taken on September 23, 2013.  The entire

transcript of this testimony was previously submitted on Defendant Dany's motion for summary

judgment as Exhibit A to Defendant's Rule 56.1 statement [D.E. 68-1].

3.      Appended hereto as Exhibit 2 is a true and correct copy of relevant excerpts from the investigative testimony of Defendant Dany, taken on February 10, 2014.

4.      Appended hereto as Exhibit 3 is a true and correct of an e-mail chain between William Kaitz and Defendant Dany on April 23, 2013.  This document was produced to the staff of the Commission by William Kaitz during discovery in this litigation.

5.      Appended hereto as Exhibit 4 is a true and correct copy of an e-mail chain between Defendant Dany and Bill Grant on June 22, 2013.  This document was produced to the staff of the Commission by Defendant Dany during discovery in this litigation, and was previously submitted on the Commission's Opposition to Defendant Dany's motion for Summary Judgment (the "Commission's Opposition") as Exhibit 22 to my declaration executed July 11, 2016 ("Second Tenreiro Declaration") [D.E. 69-23].

6.      Appended hereto as Exhibit 5 is a true and correct copy of an e-mail from Defendant Dany to Todd Weintz on April 18, 2013.  This document was produced to the staff of the Commission by Full Service Media, LLC ("Full Service") during the course of the investigation of this matter and was marked as Exhibit 45 during the investigative testimony of Defendant Dany.

7.      Appended hereto as Exhibit 6 is a true and correct copy of relevant excerpts from the deposition transcript of William Kaitz on April 6, 2016.  The entire transcript of this deposition was previously submitted on Defendant Dany's motion for summary judgment as Exhibit B to Defendant's Rule 56.1 statement [D.E. 68-3].

8.      Appended hereto as Exhibit 7 is a true and correct copy of an e-mail sent by a member of the public to a member of the Commission staff.  My understanding from

conversations with my colleagues is that the investor told the staff she received this e-mail on

April 18, 2013.  The e-mail was forwarded to the staff on April 30, 2015.[1]

9.      Appended hereto as Exhibits 8 and 9 are true and correct copies of receipts for

payment received by Defendant Dany from Full Service for endorser services Dany provided in

connection with the Norstra promotional campaign.  These documents were produced to the staff

of the Commission by Defendant Dany in the course of the investigation of this matter, and were

previously submitted on the on the Commission's Motion for Partial Summary Judgment Against

Defendant Eric Dany (the "Commission's Motion") as Exhibits 12 and 13 to my declaration

executed June 17, 2016 ("First Tenreiro Declaration") [D.E. 62-13, 62-14].

10.     Appended hereto as Exhibit 10 is a true and correct copy of an agreement between

Defendant Dany and Full Service.  This document was produced to the staff of the Commission

by Full Service during the course of the investigation of this matter and was previously

submitted on the Commission's Motion as Exhibit 6 to the First Tenreiro Declaration [D.E. 62-

7].

11.     Appended hereto as Exhibit 11 is a true and correct copy of an agreement between

Defendant Dany and Full Service.  This document is substantially identically to Exhibit 11

hereto and was marked as Exhibit 30 in the investigative testimony of Defendant Dany.

12.     Appended hereto as Exhibit 12 is a true and correct copy of an e-mail sent by

Defendant Dany to William Kaitz on June 5, 2013, attaching the contract Dany prepared, titled

Investor Relations Project Agreement, governing his retention by Full Service as endorser for the

Norstra print promotional campaign.  This document was produced to the staff of the

---

[1]      The "native" version of this e-mail is attached herewith in order to show the "original" or
"actual" contents received by the e-mail address to which the file was addressed.  The native and
"TIFF Image" versions of Exhibit 7 were produced to Defendant Dany in discovery.  The TIFF
Image bears the Bates number SECLIT-000073737.

Commission by Full Service during the course of the investigation of this matter, and was previously submitted on the Commission's Motion as Exhibit 7 to the First Tenreiro Declaration [D.E. 62-8].

13.     Appended hereto as Exhibit 13 is a true and correct copy of a print version of the Norstra promotional campaign with a disclaimer on page 11 dated as of June 7, 2013.  This document was produced to the staff of the Commission by Full Service during the course of the investigation of this matter, and was previously submitted on the Commission's Motion as Exhibit 10 to the First Tenreiro Declaration [D.E. 62-11].

14.     Appended here as Exhibit 14 is a true and correct copy of a landing page created for the Norstra promotional E-mailer, with a disclaimer dated as of June 3, 2013.  This document was produced to the staff of the Commission by Full Service during the course of the investigation of this matter, and was previously submitted on the Commission's Motion as Exhibit 9 to the First Tenreiro Declaration [D.E. 62-10].

15.     Appended hereto as Exhibit 15 is a true and correct copy of correspondence dated January 22, 2014, received by the Commission staff during the course of this investigation, from William Kaitz's and Full Service's counsel.  The Commission staff received this letter in response to, among others, inquiries regarding the identification of final versions of Norstra promotional e-mails and landing pages that were distributed to investors during the Norstra campaign. In the second bullet point at the top of page 2 of this letter, William Kaitz's and Full Service's counsel represented that certain documents were "[e]xamples of the final email and landing page content that was distributed (FSM0010324-FSM00358)."[2]  One of these documents

---

[2]     As demonstrated by Exhibit 17 appended hereto, the Commission staff has been informed by counsel to William Kaitz and Full Service that the second bates number in the sequence contains an error and that the correct bates number range is FSM0010324-FSM0010358.

is the one appended as Exhibit 14 hereto.  Exhibit 15 was previously submitted on the

Commission's Opposition as Exhibit 33 to the Second Tenreiro Declaration [D.E. 69-34].

16.     Appended hereto as Exhibit 16 is a true and correct copy of correspondence dated

July 11, 2016, received by the Commission staff from William Kaitz's and Full Service's

counsel, and was previously submitted on the Commission's Opposition as Exhibit 34 to the

Second Tenreiro Declaration [D.E. 69-35].

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 20, 2016
New York, New York

_____
Jorge G. Tenreiro