UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SECURITIES AND EXCHANGE         :
COMMISSION
                                :
                Plaintiff,
                                :       15cv4751
      -against-
                                :       OPINION & DEFAULT JUDGMENT
NORSTRA ENERGY INC., GLEN
LANDRY and ERIC DANY,           :

                Defendants.   :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
WILLIAM H. PAULEY III, District Judge:

        The SEC brings this enforcement action alleging violations of Exchange Act Section 10(b) and Rule 10b–5(b) against Norstra Energy, Inc. ("Norstra"), its CEO Glen Landry, and Eric Dany, a participant in a campaign to promote Norstra stock. Glen Landry and Eric Dany have entered into consent judgments with the SEC that this Court considers fair and reasonable and not adverse to the public interest. See SEC v. Citigroup Global Mkts., Inc., 752 F.3d 285, 293–94 (2d Cir. 2014). The SEC has also moved for a default judgment and third-tier civil penalties against Norstra.

        When "a party fails to respond, after notice the court is ordinarily justified in entering a judgment against the defaulting party." Bermudez v. Reid, 733 F.2d 18, 21 (2d Cir. 1984). "'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers and Allied Craftworkers Local 2 v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015). A court may defer default judgment when it appears that the defaulting party's liability is intertwined with that of a non-defaulting party. See, e.g., Century Surety Co. v. Whisper Inn

Lounge, Inc., No. 13-civ-9049, 2014 WL 8392302, at *1 (S.D.N.Y. Dec. 15, 2014). As of today, no other defendants remain in this action because they have entered into court-approved consent judgments with the SEC.

The SEC's moving papers adequately plead violations of Rule 10b-5 in Norstra's public disclosures and statements to the public. Accordingly, the SEC now seeks an order from this Court for third-tier civil penalties against the defunct entity.

The Exchange Act "authorize[s] three tiers of monetary penalties for statutory violations." SEC v. Razmilovic, 738 F.3d 14, 38 (2d Cir. 2013) (citing Exchange Act § 21(d)(3), 15 U.S.C. § 78u(d)(3)). Tier one is warranted for any violation. Tier two is warranted for a violation involving "fraud, deceit, manipulation, or deliberate or reckless disregard of a regulatory requirement." Tier three is warranted when the violation also "directly or indirectly resulted in substantial losses or created a significant risk of substantial losses to other persons." See 15 U.S.C. § 78u(d)(3)(B). The SEC argues third-tier penalties are appropriate because of the "massive price swings" that occurred in Norstra stock between March and June of 2013.

The SEC's Rule 10b-5 claim against Norstra inherently involves fraudulent misstatements about the prospects of Norstra stock. And the SEC alleges at least four violations of Rule 10b-5: (1) Landry's undisclosed interest in Norstra's leases and surrounding acreage; (2) Norstra's misrepresentations about its reserves; (3) Norstra's misleading claims about its drilling plans; and (4) misrepresentations about the United States Geological Survey's Bakken Reserve estimates. Norstra's violations also resulted in actual and extensive losses to investors. Cf. SEC v. Tavella, 77 F. Supp. 3d 353, 363 (S.D.N.Y. Jan. 6, 2016). As discussed in the SEC's motion for default judgment, the egregiousness of the violations and recurrence of the conduct

favor the imposition of substantial third-tier civil penalties.

Effective August 1, 2016, the maximum third-tier civil penalty for a non-natural person has been increased from $775,000 to $890,780. See 17 C.F.R. § 201.1005, Table V (providing adjustments to statutory penalty amounts for conduct occurring after March 5, 2013). However, when the motion for default judgment was briefed, the maximum civil penalty was $775,000. Accordingly, this Court enters judgment against Norstra for the total sought at that time: $3,100,000.

## FINAL JUDGMENT AS TO DEFENDANT NORSTRA ENERGY INC.

Upon the moving papers submitted in support of Plaintiff Securities and Exchange Commission's Motion for Default Judgment Against Defendant Norstra Energy Inc. ("Defendant"), the docketed entries and all submissions in this matter, and the findings of the Court:

### I.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Defendant is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

(a)     to employ any device, scheme, or artifice to defraud;

3

(b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

(c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

**IT IS FURTHER ORDERED, ADJUDGED, AND DECREED** that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Defendant's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Defendant or with anyone described in (a).

## II.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that Defendant is liable for a civil penalty in the amount of $3,100,000 pursuant to Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)]. Defendant shall satisfy this obligation by paying $3,100,000 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Norstra as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant.

The Commission shall hold the funds (collectively, the "Fund") and may propose a plan to distribute the Fund subject to the Court's approval. The Court shall retain jurisdiction over the administration of any distribution of the Fund. If the Commission staff determines that the Fund will not be distributed, the Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

### III.

**IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

### IV.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter Final Judgment as to Defendant Norstra forthwith and without further notice.

### CONCLUSION

As set forth above, this Court enters final judgment against Norstra, including a $3,100,000 award of third-tier civil penalties. The Clerk of Court is directed to terminate all pending motions and mark this case closed.

Dated: September 20, 2016
      New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.